UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re: | Case No. 8:24-bk-10803-TA |
| Bridge Diagnostics, LLC, | Chapter 11 Subchapter V |
| Debtor. | DEBTOR'S MOTION FOR ORDER GRANTING AUTHORITY TO ISSUE SUBPOENAS FOR THE PRODUCTION OF DOCUMENTS AND THE EXAMINATION OF WITNESSES |
| | Hearing Information |

_____

TO THE HONORABLE THEODOR ALBERT UNITED STATES BANKRUPTCY COURT JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

Debtor, Bridge Diagnostics, LLC ("Debtor"), in the above-captioned case, by and through its Special Counsel Crown Medical Collections, respectfully submits this Motion for Order Granting Authority to Issue Subpoenas for the Production of Documents and the Examination of Witnesses, pursuant to LBR 2004-1, Fed. R. Bankr. P. 2004, and U.S.C. §105(a), related to outstanding payment for Covid-19 testing claims. In support of this Motion, the Debtor represents as follows:

## Jurisdiction

1.     Debtor brings this motion under LBR 2004-1, Fed. R. Bankr. P. 2004, and 11 U.S.C. §105(a) for leave to allow the Debtor to be able to issue subpoenas for the production of documents and the examination of witnesses in the streamlined process referenced below.

2.     On March 29, 2024, Bridge Diagnostics, LLC filed a voluntary Chapter 11 Bankruptcy Petition.

3.     This is a core proceeding over which this Court has jurisdiction. See 28 U.S.C. §§ 157(b)(2)(A) and 1334.

## Background

4.     On June 3, 2024, the Debtor filed an Application to Employ Crown Medical Collections, LLC as Special Counsel for the purpose of pursuing the Debtor's outstanding Covid-19 testing claims with each health insurance provider and governmental entity owing money to the Debtor. [ECF No. 110].

5.     This Court entered an Order approving that Motion on July 26, 2024. [ECF No. 152].

6.     As laid out in Debtor's Application, there are at least 600 health insurance plans/payers and governmental entities that the Debtor believes owes it money for outstanding Covid-19 claims.

## Basis for Relief Requested

7. The Court may "issue any order…that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

8. Bankruptcy Rule 2004(a) permits any party in interest to move for an order authorizing the examination of any entity. Upon entry of an order authorizing a Bankruptcy Rule 2004 examination, the production of documents and the attendance of witnesses for examination may be compelled by subpoena as provided in Bankruptcy Rule 9016. LBR2004-1; Fed. R. Bankr. P. 2004(c).

9. The scope of Bankruptcy Rule 2004 encompasses examinations relating to "the acts, conduct, or property or…liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." LBR2004-1; Fed. R. Bankr. P. 2004(b).

10. The scope of a Rule 2004 examination is broad. "Although the primary purpose of a Rule 2004 examination is to permit a party in interest to quickly ascertain the extent and location of the estate's assets, such examination is not limited to the debtor or his agents, but may properly extend to creditors and third parties who have had dealings with the debtor." *In re Fearn*, 96 B.R. 135, 138 (Bankr. S.D. Ohio 1989).

11. The Debtor seeks entry of a single order authorizing it to issue

subpoenas and seek discovery through Bankruptcy Rule 2004. The Debtor also requests that the Court establish procedures in connection with it issuance of subpoenas ("Subpoena Procedures"), including a deadline of 21 days for parties to either answer or object to or move to quash any subpoenas, in keeping with the time frame set forth in LBR 2004-1(b), and time frames as set forth below for witnesses to produce documents and appear for examination. The Debtor believes this authority is critical to enable it to promptly obtain full access to all information necessary for a complete investigation in a timely manner, while also preserving estate assets by avoiding duplicative motion practice.

12.    Debtor expects that it will need to examine various entities to obtain information necessary to the administration of the estate.

13.    It would be unduly burdensome for Debtor to seek entry of a separate order authorizing a Bankruptcy Rule 2004 examination of each party. Moreover, seeking an order before each examination would significantly slow Debtor's investigation, increasing the likelihood that assets will dissipate, transfer hands, or otherwise prove more difficult to uncover.

14.    The Debtor is owed millions of dollars from over 600 health care payers from unpaid or underpaid testing for Covid-19, which could result in a significant amount of money coming into the Debtor's estate.

15.     Whether the Debtor intends to pursue a particular action against any of the health care payers will ultimately depend on an analysis of each potential action and a determination by the Debtor whether it believes that there is a basis in fact and law to justify pursuing the particular action.

16.     Although the Debtor hopes and intends to conduct its investigation largely through the voluntary cooperation of witnesses and entities, the Debtor anticipates that absent the ability to issue subpoenas, filing a separate motion for each Bankruptcy Rule 2004 examination would rapidly become burdensome.  The Debtor and Special Counsel will need to conduct due diligence to determine the merits of potential causes of action and defenses to claims that can be asserted against the health care payers. Filing separate lawsuits or separate Rule 2004 motions against each of the potential targets to do pre-litigation due diligence is not efficient and will overwhelm the limited resources of the estate. Moreover, requiring Debtor to conduct all of their pre-litigation due diligence by prosecuting Rule 2004 examinations as to all insurance carriers from whom the Debtor has potential covid testing claims will jeopardize the ability of the Debtor to settle with these parties and avoid litigation.

17.     Cause for the relief requested is demonstrated by, without limitation, (i) the large number of entities with whom the Debtor did business, suggesting that a large number of Bankruptcy Rule 2004 examinations may be necessary; (ii) any

delay in seeking such examinations could lead to dissipation of recoverable assets, evidence, or information; and (iii) the filing of numerous Bankruptcy Rule 2004 motions with the Court would unnecessarily burden the Court and Debtor and would generate additional and unnecessary administrative costs to the estate.

18.    The requested subpoena powers are critical to the Debtor's ability to fulfill its fiduciary duties under the Bankruptcy Code and are in the best interest of the Debtor's creditors and the efficient administration of the Bankruptcy Estate.

**Bankruptcy Rule 2004 Subpoena Procedures**

19.    The Debtor seeks entry of an order streamlining the Bankruptcy Rule 2004 discovery process by implementing the following procedures:

a. The Debtor will be authorized to issue and serve subpoenas without prior Court authorization via first class mail (individually, a "Rule 2004 Subpoena") for examination and the production of documents pursuant to Bankruptcy Rule 2004 without further order of the Court;

b. To ensure compliance with LBR 2004-1(b) and so as not to unduly burden the docket with voluminous filings in this matter, the Debtor shall maintain and produce when requested by the Court, (but not file with the Court unless so requested,) a written declaration setting forth the following:
   i.   stating whether the required conference was held, and
   ii.  the efforts made to obtain an agreeable date, time, place, and scope of an examination or production.
   iii. The debtor need not set forth why the examination cannot proceed under FRBP 7030 or 9014 insofar as these procedures are to be applied only to parties against whom no ongoing litigation is currently pending.

c. The Debtor shall serve each Rule 2004 Subpoena via first class mail with a copy of the order granting this Motion on the target of the Rule 2004 Subpoena;

d. The Debtor shall file with the Court a certificate of service for each Rule 2004 Subpoena it serves;

e. Targets of a Rule 2004 Subpoena and any party in interest will have 21 days after any Rule 2004 Subpoena is served by first class mail to either answer or object to and/or seek to quash such Rule 2004 Subpoena;

f. Targets of a Rule 2004 Subpoena will be directed to produce responsive documents within 21 days after service of the subpoena by first class mail (unless otherwise agreed by the particular Debtor), subject to any documents being withheld under a proper claim of privilege;

g. If a witness withholds any documents based upon a claim of privilege, the witness will be obligated to provide counsel for the particular Debtor a privilege log containing the information required under Fed. R. Bankr. P. 7026(b)(5) within 21 days of the service by first class mail of a Rule 2004 Subpoena upon that witness (unless otherwise agreed by the particular Debtor); and

h. Persons on whom a Rule 2004 Subpoena is served by first class mail must submit to oral examination upon reasonable notice and, absent other agreement with the particular Debtor, in no event more than 21 days from the service of a subpoena by first class mail calling for such testimony.

20. The requested relief will minimize costs to the estate, allow Debtor to conduct an efficient investigation, and potentially minimize any dissipation of assets. Nothing in the motion or the proposed order granting the motion limits the

rights of any witness or other party under applicable law to object to or oppose any Rule 2004 Subpoena Debtor may serve upon such witness.

## Request for Relief

The Debtor respectfully requests that the Court enter an order, substantially in the form attached, (i) authorizing Debtor to compel the production of documents and the testimony of witnesses through the issuance of Rule 2004 Subpoenas without further order of the Court; (ii) approving the procedures set forth in this Motion; and (iii) granting such other and further relief as this Court deems appropriate.


Respectfully submitted:


/s/ Myles P. McAliney
Myles P. McAiney, PA #52524
*Admitted pro hac vice*
myles.mcaliney@crownmedicalcollections.com
Special Counsel for Debtor
BRIDGE DIAGNOSTICS, LLC


Dated: March 21, 2025

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**(SANTA ANA)**

In re:

Bridge Diagnostics, LLC                                    Case No. 8:24-bk-10803-TA
                                                           Chapter 11 Subchapter V
          Debtor.                                          Hon. Theodor Albert

_____/

**PROPOSED ORDER GRANTING AUTHORITY**
**TO ISSUE SUBPOENAS FOR THE PRODUCTION OF**
**DOCUMENTS AND THE EXAMINATION OF WITNESSES**

This matter is before the Court on the motion of Debtor. Notice of the motion was

served on all interested parties and no outstanding response or objection was timely filed

or served. The Court is fully advised in the premises.

IT IS ORDERED as follows:

1.      The Debtor's Motion is granted.

2.      Debtor is authorized to issue and serve Rule 2004 Subpoenas by first

class mail for examinations pursuant to Bankruptcy Rule 2004 without further order

of the Court.

3.      The Debtor shall serve each Rule 2004 Subpoena by first class mail

with a copy of this Order on the target of the Rule 2004 Subpoena.

4.      The Debtor shall file with the Court a certificate of service for each

Rule 2004 Subpoena it serves.

5.     Recipients of a Rule 2004 Subpoena and any party in interest will have 21 days after any Rule 2004 Subpoena is served to either answer or object to and/or seek to quash such Rule 2004

6.     The Debtor shall include on the face of any Rule 2004 Subpoena that it issues the following language in bold font:

> **Recipients of a Rule 2004 Subpoena and any party in interest shall have 21 days after the date of service to either answer or object to and/or seek to quash such Rule 2004 Subpoena**.

7.     Recipients of a Rule 2004 Subpoena are directed to produce all responsive documents within 21 days of the service of the subpoena (unless otherwise agreed by the particular Movant), subject to any documents withheld under a proper claim of privilege.

8.     If a witness withholds any documents based upon a claim of privilege, the witness is obligated to provide counsel for the Debtor a privilege log containing the information required under Fed. R. Bankr. P. 7026(b)(5) within 21 days of the service of a Rule 2004 Subpoena upon that witness (unless otherwise agreed by the Debtor).

9.     Recipients of a Rule 2004 Subpoena must submit to oral examination upon reasonable notice and, absent other agreement with the Debtor, in no event less

than 21 days from the service of a deposition subpoena upon the recipient of said subpoena.

10.    This Court retains jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

So ordered:

_____J.

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
(SANTA ANA)**

In re:

Bridge Diagnostics, LLC

       Debtor.

_____/

Case No. 8:24-bk-10803-TA
Chapter 11 Subchapter V
Hon. Theodor Albert

**NOTICE OF DEBTOR'S MOTION FOR ORDER GRANTING
AUTHORITY TO ISSUE SUBPOENAS FOR THE PRODUCTION
OF DOCUMENTS AND THE EXAMINATION OF WITNESSES**

Debtor has requested that this Court enter an order authorizing the Debtor to issue subpoenas and seek discovery through Bankruptcy Rule 2004. The Debtor also requests that the Court establish procedures in connection with the Debtor's issuance of subpoenas, including a deadline of 21 days for parties to object to or move to quash any subpoenas, and time frames for witnesses to produce documents and appear for examination.

**Your rights may be affected**. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the Court to grant the motion, or if you want the Court to consider your views on the motion, then on or before 21 days from the date of service of this notice, you or your attorney must, unless shortened by the Court:

File with the Court a written objection or request for hearing at:[1]

Intake Office
U.S. Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and U.S. Courthouse

---

[1] Objection or request for hearing must comply with Fed.R.Civ.P. 8(b), (c), and (e).

411 West Fourth Street
Santa Ana, CA  92701

If you mail your objection or request for hearing to the Court for filing, you must mail it early enough so the Court will **receive** it on or before the date stated above. All attorneys are required to file pleadings electronically.

You must also send a copy to:

MYLES P. McALINEY
myles.mcaliney@crownmedicalcollections.com
Attorney for Special Counsel,
Crown Medical Collections, LLC

If an objection or request for hearing is timely filed, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time, and location of the hearing.

**If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.**

Respectfully submitted:


/s/ *Myles P. McAliney*_____
MYLES P. McALINEY
myles.mcaliney@crownmedicalcollections.com
Attorney for Special Counsel,
Crown Medical Collections, LLC

Dated: March 21, 2025

2

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### (SANTA ANA)

In re:

Bridge Diagnostics, LLC                                  Case No. 8:24-bk-10803-TA
                                                         Chapter 11 Subchapter V
            Debtor.                                      Hon. Theodor Albert

_____/

## CERTIFICATE OF SERVICE

I certify that on March 21, 2025, I served copies as follows:

|  |  |
|---|---|
| Document Served: | Notice of Debtor's Motion for Order Granting Authority to Issue Subpoenas for the Production of Documents and the Examination of Witnesses |
| Served Upon: | None |
| Method of Service: | First Class Mail |

I also certify that I served a copy of the underlying motion and related documents upon counsel of record via the ECF noticing system.

Respectfully submitted:

/s/ *Myles P. McAliney*_____
MYLES P. McALINEY
myles.mcaliney@crownmedicalcollections.com
Attorney for Special Counsel,
100 W High Street
Ebensburg, PA 15931
Crown Medical Collections, LLC
Phone:570-237-5237

Dated: March 21 2025