BILAL A. ESSAYLI
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOLENE TANNER
Assistant United States Attorney
Chief, Tax and Bankruptcy Section
ELAN S. LEVEY (State Bar No. 174843)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-3997
    Facsimile: (213) 894-7819
    E-mail: elan.levey@usdoj.gov

Attorneys for the United States of America

## UNITED STATES BANKRUPTCY COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>Bridge Diagnostics, LLC.,<br><br>        Debtor. | Case No. 8:24-bk-10803-TA<br><br>Chapter 11 Subchapter V<br><br>**UNITED STATES OF AMERICA'S OBJECTION TO DEBTOR'S MOTION FOR ORDER GRANTING AUTHORITY TO ISSUE SUBPOENAS FOR THE PRODUCTION OF DOCUMENTS AND THE EXAMINATION OF WITNESSES; DECLARATION OF ELAN S. LEVEY IN SUPPORT THEREOF**<br><br>[HEARING REQUESTED PURSUANT TO LOCAL BANKRUPTCY RULE 9013-1(o)(1)] |

**TO THE HONORABLE THEODOR C. ALBERT, CHIEF JUDGE OF THE UNITED STATES BANKRUPTCY COURT, DEBTOR, SPECIAL COUNSEL, AND ALL INTERESTED PARTIES:**

The United States of America ("Government") hereby files its Objection to and Request for Hearing on the Motion for Order Granting Authority to Issue Subpoenas for the Production of Documents and the Examination of Witnesses ("Motion," Docket No. 252).

The Government objects to the Motion on the grounds that it lacks proper service and the relief sought violates Federal Rule of Bankruptcy Procedure 2004 and applicable federal regulations for subpoenas issued in cases where federal agencies are not parties.

**PLEASE TAKE NOTICE** that based upon the Government's objection, Debtor must schedule and give not less than 14 days' notice of a hearing to those responding and to the United States Trustee. If Debtor fails to obtain a hearing date, the court may deny the Motion without prejudice, without further notice or hearing.

Dated: April 11, 2025

Respectfully submitted,

BILAL A. ESSAYLI
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOLENE TANNER
Assistant United States Attorney
Chief, Tax and Bankruptcy Section

 */s/ Elan S. Levey*
ELAN S. LEVEY
Assistant United States Attorney

Attorneys for the United States

ii

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

Bridge Diagnostics, LLC's ("Debtor") motion for authority to issue subpoenas for the production of documents and the examination of witnesses requests a single order from the court authorizing it to issue an unlimited number of subpoenas, however broad, to non-parties pursuant to Fed. R. Bankr. P. 2004 ("Rule 2004"). The Motion is wholly unsupported by any supporting case law and proposes a discovery mechanism that is unrestrictive and tantamount to an impermissible fishing expedition. If granted, the Debtor would be allowed unfettered access into the private operations and conduct of 600 entities, including governmental entities. The Motion also violates jurisprudence, statutory authority and federal regulations that require a party to follow specific procedural steps when subpoenaing a federal agency and its constituents, which are not parties to the action.

Additionally, not only does the Motion fail to provide proper service pursuant to the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules, but it also fails to identity any parties against whom the relief is sought. Within the broad labyrinth of the federal government, that makes it impossible to identify any particular agency that would be the target of the Motion. Accordingly, the Motion should be denied.

**II.     ARGUMENT**

**A.      Debtor Failed to Properly Notice and Serve the Motion**

It is well-settled that procedural due process requires "notice, reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Service of a motion for 2004 examination must comply with the requirements set forth in Fed. R. Bankr. P. 7004. *See In re Sheehan*, 625 B.R. 72, 78 (Bankr. N.D. Ill. 2021) (denying the debtor's motion for 2004 examination for the debtor's failure to comply with the service requirements of Rule 7004 and because the examination was improper due to a pending related adversary proceeding) (citing Fed. R. Bankr. P. 7004(b) and (f)).

An order granting the relief requested by the Debtor would be void because it failed to properly serve the United States. *See id*. (citing *Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir.

1992)); *In re Scott*, 437 B.R. 376, 379 (9th Cir. BAP 2010) ("Because the debtors did not effect proper service on the United States under Rule 7004(b)(5), the bankruptcy court did not have jurisdiction to decide the motion.").

Rule 7004 requires that service of the Motion be made upon (1) the civil process clerk at the office of the United States Attorney for the district in which the action is brought, (2) the Attorney General of the United States at Washington, D.C., and (3) the officer or agency to which the action pertains. Fed. R. Bankr. P. 7004(b)(5); *In re Levoy*, 182 B.R. at 827, 834 (9th Cir. BAP 1995(; LBR 2002-2(c)(2); *see also* Central Guide, Supplement 5003(e), 2.4. Without service upon the Civil Process Clerk and the Attorney General, the United States is denied the opportunity to properly respond to the Motion. *See Levoy*, 182 B.R. at 833 ("Service under Fed. R. Bankr. P. 7004(b) comports with the procedural due process requirements identified by the Supreme Court in *Mullane*.") (citing *Leavell v. Karnes*, 143 B.R. 212, 217 (S.D. Ill. 1990)).

Here, Debtor failed to properly serve the Government with the Motion. First, the Motion fails to reference any Local Bankruptcy Rule ("LBR") governing service and opportunity to object. Since the Debtor did not set the matter for hearing, LBR 9013-1(o) appears to apply. LBR 9013-1(o)(1)(A) provides:

(A) Notice. When the notice of opportunity for hearing procedure is used, the notice must:

(i) Succinctly and sufficiently describe the nature of the relief sought and set forth the essential facts necessary for a party in interest to determine whether to file a response and request a hearing;

(ii) State that LBR 9013-1(o)(1) requires that any response and request for hearing must be filed with the court and served on the movant and the United States trustee within 14 days after the date of service of the notice; and

(iii) Be filed with the court and served by the moving party on all creditors and other parties in interest who are entitled to notice of the particular matter.

(B) Motion. The motion and supporting documents must be filed with the notice but must be served only on the United States trustee and those parties who are directly affected by the requested relief.

2

In violation of this Rule, Debtor failed to provide notice of the required statement that "LBR 9013-1(o)(1) requires that any response and request for hearing must be filed with the court and served on the movant and the United States trustee within 14 days after the date of service of the notice." Second, in contravention of LBR 9013-3, Debtor failed to append a proof of service to the Motion or use the mandatory court form for the proof service, which must explicitly indicate the method of service and how each person or entity is related to the case. *See* LBR 9013-3. Third, based upon the lack of proof of service, there is no evidence to reflect proper service upon the required parties pursuant to Fed. R. Bankr. P. 9014 and 7004.

Finally, and perhaps most problematic, is that without a proof of service identifying the federal agency(ies) against whom relief is sought, it is impossible to determine the target of the Motion within the broad spectrum of the federal government. Absent proper service, the Court does not have jurisdiction to adjudicate the Motion. Accordingly, the Motion should be denied.

**B.      The Debtor's Request for Blanket Subpoena Authority is Improper under Rule 2004**

1.      Rule 2004 is broad but not limitless and requires careful judicial oversight.

Without waiving the service argument above or the Government's right to provide additional briefing and argument on the Motion, the Motion's request for blanket subpoena is improper under Rule 2004. The Debtor seeks an order granting it full authority to subpoena non-parties to the bankruptcy case in an attempt to recoup debts it alleges it is owed. The Debtor seeks permission to circumvent Rule 2004's procedural requirements with one blanket order from the court. However, Rule 2004 is not a limitless discovery tool that permits debtors to pry into the private business operations of entities who have not subjected themselves to litigation or the jurisdiction of this court, and like any discovery device, it has guardrails that prevent inappropriate usage.

The limits of Rule 2004 require courts to carefully review the scope of each request for examination because the Debtor seeks to examine a non-party, specifically, as it applies here, the Government. "Having conducted business with a debtor cannot be the sole basis for allowing the public to scrutinize the private affairs of third parties." *In re Apex Oil Co.*, 101 B.R. 92, 103 (Bankr. E.D. Mo. 1989). Whether the court allows a Rule 2004 Examination is a matter committed to the Court's

3

discretion and requires sufficient cause. *In re Dinubilo*, 177 B.R. 932, 939 (E.D. Cal. 1993). Granting the Motion would circumvent the duty to prevent non-parties from being harassed with subpoenas and demands for testimony that may not be relevant to the current proceeding.

In *Petition of Brierley*, a bankruptcy case involving a foreign debtor who believed he had recoverable assets in the United States, the court made clear that a blanket discovery order was not appropriate in general and in reference to Rule 2004. 145 B.R. 151, 169 (Bankr. S.D.N.Y. 1992) ("If [Debtor] is seeking blanket authority to examine all other as yet unnamed persons who may have information which he deems relevant, a matter which is not entirely clear from his petition, he may not have it. Just as I would want to maintain some control over the extent of discovery conducted under Bankruptcy Rule 2004, I believe I ought exercise the same restraint in this proceeding."). Similarly, in another bankruptcy case, the trustee as a non-party, proposed "a hidden discovery process whereby [he could] send subpoenas without notice" under Rule 2004 and the court denied this "secret discovery" as violating the procedural requirement of notice. *In re Petersen*, 597 B.R. 434, 441 (Bankr. D. Colo. 2019).

Both the limits described by courts and the plain language of Rule 2004 make clear that a subpoena can only be issued pursuant to a court order, after the court has reviewed the entity to be examined and the scope of the examination. Fed. R. Bankr.P. 2004. Therefore, a blanket subpoena that fails to specify the examinee and the scope of the examination fails to satisfy Rule 2004's procedural requirements and violates the policy of judicial oversight. The Motion also offends Local Bankruptcy Rule 2004-1(a), which requires the Debtor to attempt to meet and confer with the entity to be examined, prior to filing its Motion.[1] For these reasons, the Court should deny the Motion.

**C.      Federal Agencies are Excepted from the Subpoena Request**

Even if the court were to grant the Motion, federal agencies are excepted from a subpoena issued by the Debtor pursuant to statute, federal regulations, and controlling Supreme Court authority. The Federal Agency Housekeeping Act, 5 U.S.C. § 301, authorizes federal agencies to "prescribe

---

[1] On April 10, 2025, the Government engaged in a meet and confer with Debtor in response to email communications received prior to and separate and apart from the Motion. *See* Declaration of Elan S. Levey appended hereto.

4

regulations for the government of his department, the conduct of its employees, the distribution and performance of its business, and the custody, use and preservation of its records, papers and property," when the United States is not a party.[2] *See U.S. ex rel. Touhy v. Ragen*, 340 U.S. 462, 468 (1951). Rules promulgated by federal agencies pursuant to these laws are known as *Touhy* regulations.

Courts have recognized that an agency's *Touhy* regulations, such as those promulgated by the U.S. Department of Health and Human Services ("HHS"),[3] serve the legitimate purpose of "conserv[ing] governmental resources where the United States is not a party to a suit and . . . minimiz[ing] governmental involvement in controversial matters unrelated to official business." *Boron Oil Co. v. Downie*, 873 F.2d 67, 73 (4th Cir. 1989). Such regulations also serve to "centraliz[e] determinations [within the agency] as to whether subpoenas . . . will be willingly obeyed or challenged," thereby avoiding "the possibilities of harm from unrestricted disclosure in court." *Touhy*, 340 U.S. at 468.

The validity of these regulations has been consistently upheld by the Supreme Court and courts in numerous jurisdictions, including the Ninth Circuit. *See, e.g., In re Elko County Grand Jury*, 109 F.3d 554, 556 (9th Cir. 1997). In fact, agency housekeeping regulations are accorded the full force and effect of federal law, and a court lacks the authority to compel compliance with a subpoena where such compliance is not authorized pursuant to such regulations. *See Touhy*, 340 U.S. at 468.

1.    <u>*Touhy* regulations apply to Rule 2004.</u>

*Touhy* regulations are applicable to subpoenas served pursuant to Rule 2004. *See In re Shelton Fed. Grp., LLC*, No. 15-00623, 2017 WL 3190558 (Bankr. D.D.C. July 26, 2017) (holding that *Touhy* regulations had been satisfied). *See* Declaration of Elan S. Levey, Ex. 1. Therefore, an individual seeking to subpoena a non-party federal agency pursuant to Rule 2004 must comply with that agency's *Touhy* regulations.

---

[2] On July 26, 2024, the Centers for Medicare & Medicaid Services, a division of the United States Department of Health and Human Services ("HHS"), filed Proof of Claim No. 39-1 in the amount of $0.00, subject to the reservation of right to amend the proof of claim to assert any subsequently discovered liabilities. No other Governmental entities or agencies have filed a proof of claim in the Debtor's case. *See* Claims Register in Debtor's bankruptcy case.

[3] The Government uses HHS for illustrative purposes only.

The Motion identifies its intent to subpoena governmental entities. However, the aforementioned case law makes clear that the Debtor cannot circumvent an agency's enacted *Touhy* regulations. Because the Government is not a party to the Debtor's bankruptcy case, the *Touhy* regulations apply.

Policy considerations also suggest that *Touhy* applies to Rule 2004 motions. As the Eleventh Circuit stated, an agency's authority to regulate demands for testimony in private litigation is justified by its interest to maximize limited resources and caution against the "cumulative impact of allowing [these] requests." *Moore v. Armour Pharm. Co.,* 927 F.2d 1194 (11th Cir. 1991); *Accord Moore v. Armour Pharm. Co.,* 935 F.2d 274 (9th Cir. 1991).

2.   The Debtor's blanket subpoena request in the Motion does not comply with applicable *Touhy* regulations.

Every federal agency has promulgated its own individual *Touhy* regulations. For example, HHS' *Touhy* regulations require that "[a]ll requests for testimony by an employee or former employee of the HHS in his or her official capacity…must be addressed to the Agency head in writing and must state the nature of the requested testimony, why the information sought is unavailable by any other means, and the reasons why the testimony would be in the interest of the HHS or the federal government." 45 C.F.R. § 2.4. *See U.S. ex rel. Walker v. R & F Properties of Lake Cnty., Inc.*, No. 5:02-CV-131-OC-10GRJ, 2008 WL 906734 (M.D. Fla. Apr. 2, 2008) (denying motion to compel testimony from a Medicare contractor when Plaintiff did not follow *Touhy* regulations); *Boca Raton Cmty. Hosp. v. Tenet Healthcare Corp.*, No. 05-80183 CIV SEITZ, 2006 WL 1523234 (S.D. Fla. Apr. 24, 2006) (holding that Plaintiff could not take the testimony of a former HHS employee until it was authorized by the agency pursuant to its *Touhy* regulations); *Mickendrow v. Watner*, No. CV 20-007 (JMV), 2021 WL 2821176 (D.N.J. July 7, 2021) (validating HHS's *Touhy* regulations and applying them to a subpoena requesting testimony of an HHS employee).

///

///

///

///

6

The Debtor's proposed subpoena procedure patently violates well-established *Touhy* regulations. Because each federal agency has promulgated their own regulations for requesting testimony and information, it would be improper for the court to authorize the Debtor to subpoena a federal agency without compliance. For these reasons, the Motion should be denied as to the Government.

## III. CONCLUSION

Rule 2004 is not limitless and relevant case law and statutory language make clear that the court cannot issue a blanket order allowing the Debtor to issue unlimited and unfettered subpoenas to non-parties. However, if the court were to grant the Debtor's Motion, the Government requests that the court except the United States and its agencies and contractors and order the Debtor to comply with all applicable *Touhy* regulations.

Dated: April 11, 2025

Respectfully submitted,

BILAL A. ESSAYLI
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOLENE TANNER
Assistant United States Attorney
Chief, Tax and Bankruptcy Section

/s/ Elan S. Levey
ELAN S. LEVEY
Assistant United States Attorney

Attorneys for the United States

7

## **DECLARATION OF ELAN S. LEVEY**

I, Elan S. Levey, do hereby declare and state:

1. I am an Assistant United States Attorney in the United States Attorney's Office, Civil Division, in Los Angeles, California. I am the Assistant United States Attorney assigned to the bankruptcy case entitled *In re Bridge Diagnostics, LLC*, Case No. 8:24-bk-10803-TA.

2. Unless otherwise stated, I have personal knowledge of the facts stated herein. I make this declaration in support of the Objection to and Request for Hearing on the Motion for Order Granting Authority to Issue Subpoenas for the Production of Documents and the Examination of Witnesses on behalf of the United States of America. If called upon as a witness, I could, and would, testify competently to the contents of this declaration.

3. Prior to filing the Motion, Debtor's special collection counsel initiated email communications directly with the Centers for Medicare & Medicaid Services, a division of the United States Department of Health and Human Services ("HHS") regarding payments allegedly due and owing by HHS.

4. On April 10, 2025, I engaged in a meet and confer with counsel for the Debtor regarding the Debtor's prior demand for payment from HHS, as well as regarding the United States Railroad Retirement Board ("RRB").

5. Based upon the absence of a proof of service and identification in the Motion, the Government is unaware of any other federal agencies that may be the target of the Motion.

6. To the extent that the Debtor seeks to issue a subpoena upon HHS and/or RRB pursuant to the Motion, or any other federal agency, the Government's objection stands for each of the reasons set forth in the Objection.

///

///

///

///

///

///

8

7. Pursuant to LBR 9013-2(b)(4), a true and correct copy of *In re Shelton Fed. Grp., LLC*, No. 15-00623, 2017 WL 3190558 (Bankr. D.D.C. July 26, 2017) is attached hereto as Ex. 1. This is the only case I found on the Westlaw database that substantively addresses whether *Touhy* regulations apply to Fed. R. Bankr. P. 2004.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 11th day of April 2025, in Los Angeles, California.

*/s/ Elan S. Levey*
ELAN S. LEVEY

9

# EXHIBIT 1

2017 WL 3190558
Only the Westlaw citation is currently available.
**Not for Publication in West's Bankruptcy
Reporter**
United States Bankruptcy Court, District of
Columbia.

IN RE SHELTON FEDERAL GROUP, LLC,
Debtor.

Case No. 15–00623
|
Signed: July 26, 2017

**Attorneys and Law Firms**

William C. Johnson, Jr. Law Offices of William C.
Johnson, Jr. Washington, DC, for Debtor.

Marc E. Albert, Tracey Michelle Ohm, Stinson Leonard
Street LLP, Washington, DC, Seth Adam Robbins,
Robbins Law Group, PLLC, Arlington, VA, for Trustee.

MEMORANDUM DECISION AND ORDER RE
MOTION TO QUASH SUBPOENA (DKT. NO. 148)

S. Martin Teel, Jr., United States Bankruptcy Judge

**\*1** The Smithsonian Institution ("the Smithsonian") filed
a *Motion of the Nonparty Smithsonian Institution to
Quash, Modify or Limit Subpoena* (Dkt. No. 148). The
Smithsonian's motion contends that several of the
requests contained in the chapter 7 trustee's subpoena
issued under Fed. **R. Bankr**. P. **2004**, specifically
requests 7 through 15, are "unduly burdensome or
unreasonable in scope," the materials being requested are
"privileged, confidential or sensitive" or are material
containing "trade secrets or information not releaseable
by [the Smithsonian] without authorization," that the
materials could more easily be obtained by parties
associated with the construction of the National Museum
of African History and Culture, and the requests are not in
compliance with *U.S. ex rel. Touhy v. Ragen*, 340
U.S. 462 (1951).

The trustee filed an opposition to the Sithsonian's motion
to quash (Dkt. No. 149). The trustee responds that the
Smithsonian's contention "relies upon broad, generalized
and boiler plate statements that fail to demonstrate why
the Subpoena is objectionable." The trustee further
contends that the motion to quash was untimely. The
subpoena was served on March 9, 2017, and required
compliance by March 27, 2017. The motion to quash was
issued on April 28, 2017, more than a month after the
compliance date.

The Smithsonian has not replied to the trustee's
opposition. I will decide the case on the papers without a
hearing in line with LBR 9013–1(b)(7).

I

A

The trustee contends that the Smithsonian's motion to
quash was not timely filed. Under Fed. R. Civ. P.
45(d)(3)(B) the court may quash or modify a subpoena
where the subpoena requires the disclosure of "trade
secrets or other confidential research, development, or
commercial information" or the disclosure of an
unretained expert's opinion that does not disclose relevant
matter. This rule does not have a timeliness requirement
and could thus be raised at any time. Therefore the motion
to quash as to its contention against disclosure of trade
secrets was timely filed.

B

The question, however, as to the rest of the motion must
be considered under 45(d)(3)(A). A court is required to
quash, modify or limit a subpoena that is timely filed and
fails to give a reasonable time to reply, requires a person
to reply beyond geographical limits under Rule 45(c),
requires the disclosure of privileged or protected matter,
or creates an undue burden. Fed. R. Civ. P. 45(d)(3)(A).
The rule does not specify what timely means, but courts
have generally interpreted "timely" to mean within the
subpoena's time for compliance. *HT S.R.L. v. Velasco*,
125 F.Supp.3d 211, 229 (D.D.C. 2015). However,
because there is no set time period, the only requirement

**EXHIBIT 1**

*In re Shelton Federal Group, LLC, Not Reported in B.R. Rptr. (2017)*

is that the time be reasonable. *Flagstar Bank, FSB v. Frestar Bank, N.A.*, 2009 WL 2706965 at *3 (N.D. Ill. 2009). This also means that the issue of timeliness should be made on a case-by-case basis. *Id.*

The District Court has adopted the rule that a motion to quash is timely if filed within the compliance period of the subpoena. *HT S.R.L.*, 125 F.Supp.3d at 229. This court has not found an instance where the District Court has held that a motion to quash outside the compliance period was timely. In fact, the exact opposite was held in *HT S.R.L.*, where the court found that a motion to quash was untimely because the subpoena gave the party 28 days to comply and the motion was not filed until 21 days after the date of compliance. 125 F.Supp.3d at 230. The court held that 28 days was sufficient time to file a motion to quash. *Id.*

**\*2** Additionally, there have been very few cases where courts in other districts have found a motion to quash timely outside the compliance date of the subpoena. One such case was *Bouchard Transportation Co., Inc. v. Assoc. Elec. & Gas Ins. Services Ltd.*, 2015 WL 6741852 (S.D.N.Y. 2015). In *Bourchard*, the subpoena for a deposition had a compliance date of April 30, 2015, and the motion to quash was filed on June 2, 2015, making the motion 33 days outside the compliance date. *Id.* at *1. The court exercised its discretion and did not hold the motion untimely because the subpoena was "clearly defective." *Id.* In another case, *Pitzer v. Cinmar, LLC*, the court did not deny the motion for untimeliness, even though the motion was six weeks after the compliance date, because the parties "were attempting to negotiate a resolution without court intervention during this period." 2016 WL 7325158 at *1 n. 1 (N.D. Oh. 2016).

This case, at first glance, is similar to *HT S.R.L.* The subpoena gave a time period of 26 days, from the date of service, March 9, 2017, to respond. It was another 32 days later that the motion to quash was issued. However, this case is also very similar to *Pitzer*, because both parties were negotiating with each other regarding compliance with the subpoena. With respect to the subpoena itself, requests 11 and 12 are facially deficient, as will be explained in further detail below, and under *Bourchard*, the motion, if not to the whole request, at least in respect to those two requests, should be upheld.

The issue of timeliness is at the discretion of the court. Several cases have explained that the 1991 amendment to Fed. R. Civ. P. 45 replaced the term "promptly" with the term "timely" and was done, according to the Committee notes, to give more, not fewer, protections to nonparties

required to provide documents. *Nova Biomedical Corp., v. i-Stat Corp.*, 182 F.R.D. 419, 422 (S.D.N.Y. 1998). Additionally, the time should be reasonable and based on a case by case evaluation. *Flagstar*, 2009 WL 2706965 at *3. Here, the documents requested would take some time to produce, 26 days would not have been sufficient time to produce all required documents. The parties were in contact throughout the period before the motion was issued. Admittedly, the parties had been negotiating the production of documents for six months prior to the subpoena, but there was no legal burden on the Smithsonian to produce documents before the subpoena. Therefore, I hold that the motion was timely.

II

The Smithsonian contends that the requests are burdensome and unreasonable in scope. The court must, upon a timely filed motion, quash or modify a subpoena if compliance would create an undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iv). The movant of a motion to quash bears the burden of proving a subpoena should be modified or quashed. *U.S. Dep't of the Treasury v. Pension Benefit Guar. Corp.*, 301 F.R.D. 20, 25 (D.D.C. 2014). "The quashing of a subpoena is an extraordinary measure, and is usually inappropriate absent extraordinary circumstances." *Id.* (quoting *Flanagan v. Wyndham Intern. Inc.*, 231 F.R.D. 98, 102 (D.D.C. 2005). A movant "must make a specific demonstration of facts in support of the request as opposed to conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one." *Alexander v. F.B.I.*, 186 F.D.R. 71, 75 (D.D.C. 1998).

Courts have required the movant to show a particularly hard burden before granting a motion to quash. In *Freeman v. Seligson*, the Secretary of Agriculture moved to have a subpoena issued by the trustee in a bankruptcy case quashed as "broad as to be unreasonable and oppressive." 504 F.2d 1326, 1336 (D.C. Cir. 1974). He argued that compliance would have required searching six major agencies in the Department of Agriculture, all of which maintained separate records in the Washington and field offices. *Id.* Additionally, compliance with the subpoena would have required "724 manpower hours" at an expense of $3,500. *Id.* The Department's Inspector General determined compliance would have taken three months and the cost ranged from $10,000 and $15,000. *Id.* A referee did not find the subpoena overly burdensome and the Secretary appealed. *Id.* at 1331–1332. While the court remanded the case because of

**11**

**EXHIBIT 1**

concerns with the referee's standard for review, it did not believe the subpoena was oppressive because the documents were necessary to the bankruptcy case, the trustee only sought to inspect the documents, in their various locations, and would pay the costs. *Id.* at 1336.

**\*3** Here, the Smithsonian only makes generalized statements that the documents are not relevant, without explanation as to why they are not relevant, and states that they are not adequately limited because they ask for "notes, costs and financial information." (Dkt. No. 148)(internal quotes omitted). The only facts used in support of its undue burden argument are that the debtor had more contact with Clark Construction than with the Smithsonian, and therefore the debtor should subpoena Clark Construction. The trustee has stated that attempts to obtain the documents from Clark Construction and other parties associated with the construction project were unsuccessful and the Smithsonian is the only party with the required documents. In any event, "Rule 2004 examinations are broad and unfettered and in the nature of fishing expeditions," 🚩 *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002), and, as in the case of an administrative agency summons, a trustee is entitled to subpoena under Rule 2004 documents from multiple sources in order to assure that he is receiving accurate and complete copies. *See Liberty Fin. Servs. v. United States*, 778 F.2d 1390, 1393 (9th Cir. 1985) (holding that IRS can request copies of documents it already possesses from other sources in order to confirm their accuracy). The Smithsonian has not provided sufficient facts to prove that the subpoena requests are an unwarranted burden.

On their face, only subpoena requests 11 and 12 are overly broad as to be outside the scope of the debtor's case, without further proof of their need. They are:

11. All minutes of meetings attended by, or on behalf of, you regarding the Debtor's subcontract, Debtor's scope of work or your [Small Business Administration Subcontract (SBE) ] Programs.

12. All daily diaries, calendars, phone logs, electronic mail, and/or other documents maintained by your personnel that relate to the Debtor's scope of work, the Debtor's subcontract, or your SBE program.

These requests go beyond the debtor's specific case and cross over into all of the Smithsonian's SBE Programs, which have little, if anything, to do with the debtor's case. Unless the trustee can show a need for all documents related to the Smithsonian's SBE Programs, these requests should be limited to SBE Program documents related to the debtor's subcontract and work on the construction project.

Other than requests 11 and 12, all other requests are not facially burdensome, and the facts are insufficient to prove that the subpoena should be quashed.

### III

The Smithsonian additionally contends that some of the documents being requested are privileged. Fed. R. Civ. P. 45(d)(3)(A) does allow the court to quash, modify, or limit subpoena requests that seek privileged information. However, the Smithsonian has not stated specifically what documents sought are privileged. Also, because a subpoena may request some privileged documents does not justify quashing the whole request. The Smithsonian can provide the non-privileged documents, and assert which documents are privileged in a privilege log.

### IV

The Smithsonian also contends that some documents requested have trade secrets. Fed. R. Civ. P. 45(d)(3)(B) says a court may quash or modify a subpoena that seeks trade secrets. However, the Smithsonian again does not specify which documents contain trade secrets. Similar to privileged documents, because a subpoena request may reach documents containing trade secrets does not mean the whole request should be quashed. The Smithsonian can produce documents that do not contain trade secrets, and where possible, can redact trade secret information. Where redaction in a document is impractical, the Smithsonian can assert the document as privileged in a privilege log.

### V

The Smithsonian finally contends that the subpoena is not in line with *Touhy*. The Supreme Court held in *Touhy* that an FBI agent was not required to provide documents under a subpoena due to a Department of Justice regulation. 🚩 340 U.S. at 468. It stood for the proposition that an agency can regulate who within the agency is authorized to respond to subpoenas and how it will respond to subpoenas. However, more current case law has made clear that

WESTLAW    © 2025 Thomson Reuters. No claim to original U.S. Government Works.    3

**EXHIBIT 1**

*Touhy* regulations are relevant for internal housekeeping and determining who within the agency must decide how to respond to a federal court subpoena. See 5 U.S.C. § 301 (authorizing *Touhy* regulations but providing: "This section does not authorize withholding information from the public or limiting the availability of records to the public."); [ *Yousuf v. Samantar*, 451 F.3d 248, 257 (D.C. Cir. 2006) ] (describing *Touhy* regulations as establishing "method[ ] by which ... an agency would respond to a subpoena"); *Comm. for Nuclear Responsibility, Inc. v. Seaborg*, 463 F.2d 788, 793 (D.C. Cir.1971) ( 5 U.S.C. § 301 "does not confer a privilege"); see also 9 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 45.05[1][b] (3d ed. 2006) ("[T]hough an agency regulation may provide the method by which an agency head will comply with or oppose a subpoena, the legal basis for any opposition to the subpoena must derive from an independent source of law such as a governmental privilege or the rules of evidence or procedure.").

**\*4** *Watts v. S.E.C.*, 482 F.3d 501, 509 (D.C. Cir. 2007).

The record shows that the subpoena was served according to The Smithsonian's regulations and in that regard *Touhy* is met. It does not stand as a separate legal objection to compliance with the subpoena or justification for quashing, modifying, or limiting any of the subpoena requests.

VI

Therefore, for the above stated reasons, it is

ORDERED that within 30 days after entry of this order, the Smithsonian shall comply with the subpoena except for those documents that are privileged or are trade secrets, and as to which it files by such deadline a privilege log. It is further

ORDERED that subpoena requests 11 and 12 are modified to read as:

11. All minutes of meetings attended by, or on behalf of, you regarding the Debtor's subcontract, Debtor's scope of work or the debtor's participation in your SBE Programs.

12. All daily diaries, calendars, phone logs, electronic mail, and/or other documents maintained by your personnel that relate to the Debtor's scope of work, the Debtor's subcontract, or the debtor's participation in your SBE program.

It is further

ORDERED that the Smithsonian, where practicable, redact trade secret information in documents that are requested, and where impracticable the Smithsonian assert the trade secret nature of such documents in its privilege log.

**All Citations**

Not Reported in B.R. Rptr., 2017 WL 3190558

---

End of Document

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
United States Attorney's Office, 300 N. Los Angeles Street, Room 7516, Los Angeles, California 90012

A true and correct copy of the foregoing document entitled **UNITED STATES OF AMERICA'S OBJECTION TO DEBTOR'S MOTION FOR ORDER GRANTING AUTHORITY TO ISSUE SUBPOENAS FOR THE PRODUCTION OF DOCUMENTS AND THE EXAMINATION OF WITNESSES; DECLARATION OF ELAN S. LEVEY IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **April 11, 2025,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Kyra E Andrassy**     kandrassy@raineslaw.com, bclark@raineslaw.com;jfisher@raineslaw.com
- **Anthony Bisconti**     tbisconti@bklwlaw.com, 1193516420@filings.docketbird.com,docket@bklwlaw.com
- **Christopher Crowell** ccrowell@hrhlaw.com
- **Robert Paul Goe (TR)** bktrustee@goeforlaw.com, kwareh@goeforlaw.com; bkadmin@goeforlaw.com; C187@ecfcbis.com;kmurphy@goeforlaw.com;rgoe@goeforlaw.com
- **Matthew Grimshaw**     mgrimshaw@marshackhays.com, mgrimshaw@ecf.courtdrive.com; alinares@ecf.courtdrive.com
- **Aaron J Malo**     amalo@sheppardmullin.com, abilly@sheppardmullin.com;mlinker@sheppardmullin.com
- **Myles P McAliney** mpmcalineylaw@gmail.com
- **Queenie K Ng**     queenie.k.ng@usdoj.gov
- **Jennifer M Oliver**     jennifer.oliver@bipc.com
- **R Gibson Pagter**     gibson@ppilawyers.com, pagterandperryisaacson@jubileebk.net
- **Michele R Stafford** mstafford@tuckerlaw.com, ecotterill@tuckerlaw.com,docket@tuckerlaw.com,mthomas@tuckerlaw.com,SLeah@tuckerlaw.com,npetroy@tuckerlaw.com
- **United States Trustee (SA)** ustpregion16.sa.ecf@usdoj.gov
- **David Wood** dwood@marshackhays.com, dwood@ecf.courtdrive.com; lbuchananmh@ecf.courtdrive.com;spineda@ecf.courtdrive.com;alinares@ecf.courtdrive.com

☐ Service information continued on attached page

**2.** <u>**SERVED BY UNITED STATES MAIL**</u>:
On **April 11, 2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

| | |
|---|---|
| **Crown Medical Collections, LLC**<br>110 W High Street<br>Ebensburg, PA 15931 | **Stretto, Inc.**<br>Attn: Sheryl Betance<br>410 Exchange Ste 100<br>Irvine, CA 92602 |

☐ Service information continued on attached page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                    **F 9013-3.1.PROOF.SERVICE**

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **April 11, 2025**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

April 11, 2025    JULIE MORALES

*Date*                         *Printed Name*                                              *Signature*

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**